**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MATTHEW LEE HEIDENREICH,**

**Plaintiff,**

**v.** **Case No. 26-CV-1841**

**HANNAH DOUBEK, et al.,**

**Defendant.**

---

# ORDER ON THE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

---

Currently pending before the court is the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee.

## 1. Plaintiff's Ability to Pay the Filing Fee

Having reviewed the plaintiff's request, the court concludes that the plaintiff lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

## 2. Screening – Applicable Law

Because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an

indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

**3. Background**

The plaintiff's allegations primarily concern an incident that took place on the night of July 17, 2026, and the morning of July 18, 2026. On that night, the plaintiff's 11-year-old son rode his bicycle to a nearby Dollar General store without his knowledge. Two employees located his son in the store and called 911. Eventually, the plaintiff learned of his son's whereabouts and arrived at the store where he was detained by police. The plaintiff alleges that paramedics questioned his son about marks on his arms and coerced him to state that the marks were burns and to make a false allegation of sexual abuse against plaintiff and his spouse. After informing officers that he was recovering from a spinal injury and that they would face a lawsuit if they threatened his son or spouse, the plaintiff alleges that officers threw him to the ground and arrested him. The officers brought him to the county jail. While there, the plaintiff alleges that officers threw him onto a concrete bed, and that multiple

officers then cut his shirt off with shears. While the plaintiff was in jail, he alleges that officers and CPS agents searched his residence without a warrant.

**4. Analysis**

The plaintiff has brought this action against several defendants under 42 U.S.C. § 1983, which requires him to prove that the defendants deprived him of a constitutional right while acting under color of state law. *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). The plaintiff alleges violations of his rights under the First, Fourth, and Fourteenth Amendments to the Constitution.

**a. Dollar General Corporation**

The plaintiff names Dollar General Corporation as a defendant. (ECF No. 1, at 2.) The complaint alleges that two Dollar General employees located his son in the store, that they used profanity in his presence, and that one of the employees called 911. (ECF No. 1, at 2.) These allegations do not sufficiently allege a § 1983 claim against Dollar General. A private corporation cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). The plaintiff has not alleged that Dollar General has any custom or policy that caused a constitutional violation. But even if a corporation could be held liable under § 1983 on a theory of *respondeat superior*, these allegations would not suffice because none of the alleged facts indicate that the Dollar General employees acted under color of state law. A person does not act under color of state law by merely "contacting and

cooperating with the police." *Mehta v. Des Plaines Dev. Ltd.*, 122 Fed. Appx. 276, 278 (7th Cir. 2005) (citing *Kelley v. Myler*, 149 F.3d 641, 649 (7th Cir. 1998)). Accordingly, Dollar General will be dismissed as a defendant.

**b. Deputy Liebergan**

The only allegation contained in the complaint against Deputy Liebergan is that he "documented that the minor child was officially seized and taken into temporary state custody on July 17, 2026, at 10:18 PM." (ECF No. 1, at 1.) This allegation does not state a claim for any constitutional violation. Accordingly, Deputy Liebergan will be dismissed as a defendant.

**c. D. Zempel**

The complaint alleges that D. Zempel "initiated the processing of Plaintiff's personal property into storage." (ECF No. 1, at 3.) It alleges that he "logged the physical destruction of Plaintiff's upper garments into the county's official computer system record." (ECF No. 1, at 3.) The complaint does not allege that D. Zempel was involved in the removal of the plaintiff's shirt. It does allege that D. Zempel wrote "refused" on the signature line of paperwork that the plaintiff refused to sign at the jail. (ECF No. 1, at 3.) The allegations against D. Zempel do not state a claim for any constitutional violation. Accordingly, D. Zempel will be dismissed as a defendant.

**d. John/Jane Doe Corrections Officer**

The only allegation contained in the complaint against John/Jane Doe Corrections Officer is that they accepted a payment of $460 from Rachael Heidenreich as a cash bond. (ECF No. 1, at 3.) This allegation does not state a claim for any

constitutional violation. Accordingly, John/Jane Doe Corrections Officer will be dismissed as a defendant.

**e. Karla Rosa**

The complaint alleges that Karla Rosa along with other "deputies and CPS agents" executed a search of the plaintiff's residence at approximately 2:34 a.m. on July 18, 2026, without a warrant, without the presence of any exigent circumstances, and without the plaintiff's consent or the consent of his spouse. (ECF No. 1, at 4.) The warrantless search of a home is presumptively unreasonable under the Fourth Amendment. *United States v. Walker*, 143 F.4th 889, 895 (7th Cir. 2025) (quoting *United States v. Davis*, 44 F.4th 685, 688 (7th Cir. 2022)). The government bears the burden of showing by a preponderance of the evidence that such a search is reasonable under a valid exception to the warrant requirement. *Id.* at 895. At the screening stage, the Court finds that the plaintiff's allegations are sufficient to proceed against Rosa in her individual capacity.

**f. Hannah Doubek**

The complaint alleges that Hannah Doubek "has engaged in a continuous, retaliatory surveillance against Plaintiff's family household" thereby violating the plaintiff's Fourteenth Amendment right to due process. (ECF No. 1, at 4.) These sparse, vague allegations are insufficient to state a claim against Doubek. The complaint does not set forth any specific factual allegations of what Doubek did to violate his rights. Mere "labels and conclusions" are not sufficient to state a claim.

*Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, Hannah Doubek will be dismissed as a defendant.

### g. Other John Doe Defendants

The plaintiff names John Doe Deputies 1–5, Jane Doe Deputies 1–5, John/Jane Doe CPS Agents 1–3, and John/Jane Doe Paramedics 1–2 as defendants in the caption of his complaint, but the complaint does not state any allegations against any of those persons. Merely naming a defendant in the caption is insufficient to state a claim against them. *Harrell v. Brown Cnty. HHS*, No. 25-CV-1271, 2025 U.S. Dist. LEXIS 231326, at *15 (E.D. Wis. Nov. 25, 2025) (citing *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Because the complaint contains no allegations against these defendants, the plaintiff has failed to state a claim against them. *McDaniel v. Meisner*, No. 12-CV-1178, 2013 U.S. Dist. LEXIS 104988, at *14 (E.D. Wis. July 25, 2013) (dismissing Doe defendants where the complaint alleged no actions by any of them). Accordingly, these defendants will be dismissed.

### h. Official Capacity

The complaint names all of the defendants, except for Dollar General, in both their personal and official capacities. A suit against a municipal employee in their official capacity is treated as a suit against the municipality that employs them. *Kelly v. Gersonde*, No. 19-CV-1118, 2021 U.S. Dist. LEXIS 128046, at *14 (E.D. Wis. July 8, 2021) (quoting *Hafer v. Melo*, 502 U.S. 21, 26 (1991)). A municipality cannot be held liable under § 1983 unless a municipal policy or custom caused a constitutional violation. *Betts v. Boone Cnty.*, 178 F.4th 1051, 1056 (7th Cir. 2026).

With the potential exception of the John/Jane Doe Paramedics, all of the employees named appear to be employed by Marinette County. The complaint does not set forth any facts indicating that a policy or custom of Marinette County, or any other corporation (municipal or otherwise), violated the plaintiff's constitutional rights. Consequently, the plaintiff's official capacity claims will be dismissed.

**i. Aaron Vandenbush, State Troopers, SECURA Insurance**

The complaint also includes allegations concerning plaintiff's suspension and subsequent termination of his employment. It alleges that two state troopers violated the plaintiff's First Amendment rights by contacting FedEx about seat-belt violations. (ECF No. 1, at 1.) It alleges that Aaron Vandenbush used the seat belt citations as a pretext to terminate his employment, and that Vandenbush liquidated his business as a "pretextual scheme designed to evade his mandatory statutory duty to rehire and maintain an injured worked under Wis. Stat. § 102.35(3)." (ECF No. 1, at 1.) The complaint also alleges that "SECURA Insurance" stopped making disability payments in bad faith. (ECF No. 1, at 1.)

The Court will not consider the plaintiff's allegations against these defendants, because none of them were named as a party. "Even a *pro se* plaintiff's complaint must comply with Federal Rule of Civil Procedure 10(a) and include the names of all parties in the title of the action." *McDaniel*, 2013 U.S. Dist. LEXIS 104988, at *13 (citing *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005)). It would not be appropriate for the Court to guess which persons the plaintiff intends to make defendants. *Id*. at *13–14.

Moreover, if the plaintiff had named these persons as defendants, the complaint would fail to comply with Federal Rule of Civil Procedure 20. A plaintiff may only join multiple defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20. These allegations are unrelated to the rest of the complaint which primarily concerns the incidents that occurred on July 17th and 18th.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED that** the following defendants will be dismissed: Hannah Doubek, Deputy Liebergan, D. Zempel, John/Jane Doe Corrections Officer, John Doe Deputies 1–5, Jane Doe Deputies 1–5, John/Jane Doe CPS Agents 1–3, John/Jane Doe Paramedics 1–2, and Dollar General Corporation.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant Karla Rosa**.** Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee

schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

Clerk of Court
Jefferson Court Building
125 S. Jefferson St - Room 102
Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 14th day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge